IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BUXTON,<br><br>              Plaintiff,<br><br>    v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>              Defendants. | Case No. 24-cv-00604<br><br>Judge Andrea R. Wood<br><br>Magistrate Judge Jeffrey T. Gilbert |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff MICHAEL BUXTON ("Buxton" or "Plaintiff") against the defendants identified in the First Amended Schedule A, and using the Defendant Online Marketplace Accounts identified in the First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Buxton having moved for entry of Default and Default Judgment against the defendants identified in the First Amended Schedule A (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Buxton having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Buxton has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Buxton's federally registered copyrights, which are protected by United States Copyright Registration Nos. VA 2-343-783; VA 2-344-271; VA 2-344-272; VA 2-344-013; VA 2-343-685; VA 2-343-689; VA 2-343-699; VA 2-343-683; VA 2-343-903; VA 2-343-694; VA 2-343-902; VA 2-344-274; and VA 2-343-696 (collectively, the "Michael Buxton Works") to residents of Illinois. In this case, Buxton has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Michael Buxton Works. *See* Docket No. [16], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Michael Buxton Works.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Buxton's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Michael Buxton Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Buxton product or not authorized by Buxton to be sold in connection with the Michael Buxton Works;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Buxton product or any other product produced by Buxton, that is not Buxton's or not produced under the authorization, control, or supervision of Buxton and approved by Buxton for sale under the Michael Buxton Works;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Buxton, or are sponsored by, approved by, or otherwise connected with Buxton; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Buxton, nor authorized by Buxton to be sold or offered for sale, and which bear any of Buxton's registered copyrights, including the Michael Buxton Works, or any reproductions, infringing copies or colorable imitations.

3

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Temu, LLC ("Temu"), Walmart Inc. ("Walmart"), and ContextLogic, Inc. d/b/a Wish.com ("WISH") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Michael Buxton Works; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Michael Buxton Works or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Buxton product or not authorized by Buxton to be sold in connection with the Michael Buxton Works.

3. Upon Buxton's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Michael Buxton Works.

4. Pursuant to 17 U.S.C. § 504(c)(2), Buxton is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000) for

       willful use of infringing Michael Buxton Works on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and First Amended Schedule A.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Amazon, Temu, Walmart, and WISH shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon, Temu, Walmart, and WISH, are hereby released to Buxton as partial payment of the above-identified damages, and Third Party Providers, including Amazon, Temu, Walmart, and WISH, are ordered to release to Buxton the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Buxton has recovered full payment of monies owed to it by any Defaulting Defendant, Buxton shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Buxton identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Buxton may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at

      the e-mail addresses identified in Exhibit 2 to the Declaration of Michael Buxton and any e-mail addresses provided for Defaulting Defendants by third parties.

9. To obtain release of the bond previously posted in this action, Plaintiff's counsel must file a motion for the return of the bond once the preliminary injunction no longer applies to any Defendant.

This is a Final Judgment.

Dated: April 11, 2024

                                                        Andrea R. Wood
                                                        United States District Judge

**First Amended Schedule A**

| No. | Defendant |
|---|---|
| 1 | putianshixiuyuquwanjianhuabaihuoshanghang |
| 2 | kunmingshangerxianshangmaoyouxiangongsi1 |
| 3 | putianshilichengqushifabaihuoshanghang |
| 4 | SAIHONG |
| 5 | THIBINHDL |
| 6 | MA-star |
| 7 | song xing xing22 |
| 8 | zhangfeng111 |
| 9 | GuangZhouLiuYiShangMaoYouXianGongSi |
| 10 | WangDengWeng |
| 11 | putianshixiuyuquzuozhichongbaihuoshanghang |
| 12 | yang zeng zhi22 |
| 13 | GuangZhouHuYingShangMaoYouXianGongSi |
| 14 | suizhoushizengduqujianxiangbaihuodian |
| 15 | 定安栩兆商贸 |
| 16 | 王思琰跨境电子 |
| 17 | xiangyangshizhangshigangshangmaoyouxiangong |
| 18 | hefeizhaolianghengdianzishangwuyouxiangongsi |
| 19 | GuangZhouKuaQunMaoYiYouXianGongSi |
| 20 | xiangyangshisuigeshangmaoyouxiangongsi |
| 21 | LuJinmfglks |
| 22 | wang ming fei2 |
| 23 | Green_Fun_Dress |
| 24 | |
| 25 | Dongguan Zhixin Electronic Commerce Co., Ltd. |
| 26 | WeanchLans Kr Inc |
| 27 | Hallno |
| 28 | |
| 29 | panlongquchuangcongtuobaihuodian |
| 30 | HeZhJu |
| 31 | kunmingyancongyingshangmaoyouxiangongsi |
| 32 | NailKING |
| 33 | NanAnShiShuiTouZhenShanXinBianLiDian |
| 34 | FO&OSOBEIT |
| 35 | tengbang |
| 36 | shenyangshisujiatunqulanhuangbaihuodian |
| 37 | |

| 38 | MEOGUTYI |
| 39 | Marrykun |
| 40 | LUUANHVAN |
| 41 | LY NGUYEN THAI BAO |
| 42 | Zitong66 |
| 43 | BEST LUCKY |
| 44 | |
| 45 | lovelypodshop |
| 46 | danh$ham |
| 47 | |
| 48 | Aldai clothes store |
| 49 | LINZHISHANGANHUO |
| 50 | PamelArnold |
| 51 | ZHUhuijiedianpu888 |
| 52 | LYSY999 |
| 53 | Beautiful Stickers Shop |
| 54 | T Healthy |
| 55 | |
| 56 | TUANTUYETVOI Store |
| 57 | BEBERI |
| 58 | All can be healthy |
| 59 | Black Arts Inc. |
| 60 | AamzAlma Shop |
| 61 | haikouleibotaomaoyiyouxiangongsi |
| 62 | FANTUCCI |
| 63 | JINXIN2003 |
| 64 | |
| 65 | wanzaixianlaohaobaihuodian |
| 66 | Hilake Vintage Wardrobe |
| 67 | FJchenyi |
| 68 | Haisheng Clothing Trade |
| 69 | Self-Design Clothing Shop |
| 70 | Joshine |
| 71 | |
| 72 | Discover Life |
| 73 | Sizhou DIY Clothing Trade |
| 74 | MISS U |
| 75 | |
| 76 | |

| | |
|---|---|
| 77 | |
| 78 | HaoMai mens wear |
| 79 | |
| 80 | iCPAP |
| 81 | |
| 82 | |
| 83 | |
| 84 | |
| 85 | Nice Sticker |
| 86 | |
| 87 | |
| 88 | Hongfeng trade |
| 89 | Darling |
| 90 | Hello Sticker |
| 91 | Dinoking |
| 92 | lingxiaoweifushi |
| 93 | SIMPLE STORY |
| 94 | Xiaofu FUSHI |
| 95 | |
| 96 | Jinkang |
| 97 | WANGLIJUAN01 |
| 98 | Kaiyuansheng |
| 99 | Three thousand world |
| 100 | For Sweet Dreams |
| 101 | yangping shopping |
| 102 | DFGAERYTgr |
| 103 | fanmudan662961 |
| 104 | qiyashisheng |
| 105 | wangdalong1999 |
| 106 | zhangming520 |
| 107 | neasjcydobey |
| 108 | liyuanyuan12345 |
| 109 | yangyang0701 |
| 110 | zhaoqianqian |
| 111 | GanlushivVt |
| 112 | gaodangu |
| 113 | TXYshop |
| 114 | WBXing |
| 115 | huxiufen1752 |

| 116 | jdhfajdjkdjad |
| --- | --- |
| 117 | Qiuyun8617 |
| 118 | Tee Beach |
| 119 | wanhuanyupai |